UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONFEDERATE MOTORS, INC., )<br>)<br>    Plaintiff/ )<br>    Counterclaim Defendant, )<br>)<br>v. )<br>)<br>FRANCOIS-XAVIER TERNY )<br>)<br>    Defendant/ )<br>    Counterclaim Plaintiff. ) | CIVIL ACTION<br>NO. 11-10213-JGD |

**MEMORANDUM OF DECISION AND ORDER ON
G. CHANCE TURNER'S MOTION TO QUASH SUBPOENA**

February 24, 2012

DEIN, U.S.M.J

## I.  INTRODUCTION

This matter is before the court on G. Chance Turner's "Motion to Quash Subpoena." (Docket No. 131). By his motion, Turner is requesting an order quashing the subpoena issued on January 6, 2012 seeking to compel his testimony at a deposition. In support of his motion, Turner claims that he "has no knowledge related to this case other than that obtained as counsel for plaintiff, Confederate Motions, Inc.[,]" that any non-privileged knowledge he has could be obtained by other means, that the subpoena was issued only with "the intent to harass, intimidate and annoy" the plaintiff and himself, and that he had been given insufficient time to appear for the deposition. (Docket No. 131 ¶¶ 3-6).

In his opposition to the motion to quash, the defendant, Francois-Xavier Terny, points out that Confederate listed Turner as a witness with discoverable knowledge in its initial disclosures. (Opp. (Docket No. 132) at Ex. A). Moreover, Terny argues that Turner acted in a non-counsel capacity and was an active witness of and participant in the events at issue, and that Turner is not currently litigation counsel for Confederate, so he will have non-privileged information about which to testify. (Opp. at 1-2). Finally, Terny has agreed to schedule the deposition at a mutually convenient time. (Opp. at 1).

Because Terny should be allowed to explore whether Turner has non-privileged, relevant information to this litigation, the motion to quash is DENIED. Any claim of privilege should be asserted on a question-by-question basis.

## II.  ANALYSIS

In relevant part, Fed. R. Civ. P. 45(c)(3)(A) provides that a deposition subpoena must be quashed or modified if the subpoena "fails to allow a reasonable time to comply[,]" "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i), (iii) & (iv). In considering whether testimony from opposing counsel is warranted, courts can consider various factors, including "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) [whether] there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir.

2003). A consideration of all these factors compels the conclusion that Turner's deposition should go forward.

As an initial matter, when claiming a privilege in response to a subpoena, Fed. R. Civ. P. 45(d)(2)(A) requires that the person withholding the requested information "must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." While the attorney-client privilege is one of the most valued protections of confidential information, the privilege will only attach "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection [may] be waived." In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir. 2011) (quotation and citation omitted). "A failure to satisfy any one of the enumerated elements defeats the claim of privilege." Id.

The inquiry into whether a communication is privileged is a fact-specific one — "a blanket assertion of privilege is generally insufficient." Id. Here, Turner has made no effort to identify or describe any specific information or documents that would be privileged, and has not established that he was acting in the capacity of a legal advisor with regard to all the matters at issue in this litigation. He simply asserts that because he

has represented Confederate (although he is not trial counsel), he should not be compelled to provide testimony.  This broad assertion of the privilege is insufficient.

Turner's other arguments are equally unpersuasive.  His claim that he had insufficient time to respond to the subpoena is no longer at issue, because Terny has indicated that he is willing to work with Turner in order to schedule a convenient time for the deposition.  Furthermore, Turner has failed to provide a reasonable basis for proving that any knowledge he has can be obtained by alternative means.  Based on Confederate's initial disclosures, Terny believes that Turner has specific, personal knowledge of key events that took place.  Terny is entitled to depose Turner in an effort to obtain this information.  Finally, there is no evidence that Terny issued the subpoena in an attempt to harass, intimidate, or annoy Turner or Confederate.  As previously indicated, Confederate listed Turner as an individual "likely to have discoverable information relevant to disputed facts" in its initial disclosures.  (Opp. at Ex. A).  Terny has a legitimate interest in obtaining non-privileged information from Turner.

As the individual resisting discovery, the burden was on Turner to establish that the deposition subpoena should be quashed.  See Digital Equip. Corp. v. Currie Enter., 142 F.R.D. 8, 15 (D. Mass. 1991) (general claim that documents are protected by the attorney-client privilege insufficient to warrant quashing of subpoena).  He has not met this burden by his unspecific claim of privilege.

## III. <u>ORDER</u>

For the reasons detailed herein, Turner's "Motion to Quash Subpoena" (Docket No. 131) is DENIED.

            / s / Judith Gail Dein
            Judith Gail Dein
            United States Magistrate Judge